IN THE CIRCUIT COURT OF THE
TWENTIETH JUDICIAL CIRCUIT,
IN AND FOR COLLIER COUNTY FLORIDA

CASE NO.:

**Vintage Bay Condominium Association, Inc.,**

    Plaintiff,

v.

**Lexington Insurance Company,**

    Defendant.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Vintage Bay Condominium Association, Inc., by and through the undersigned attorney, sues the Defendant, Lexington Insurance Company (hereinafter "Defendant"), and alleges as follows:

## GENERAL ALLEGATIONS

1. This is an action for breach of contract and bad faith with damages more than Thirty Thousand Dollars ($30,000.00), exclusive of interest, costs, and attorney's fees.

2. At all material times hereto, the Plaintiff, Vintage Bay Condominium Association, Inc., (hereinafter "Plaintiff") was a Florida corporation with its principal place of business in Florida.

3. At all material times hereto, Defendant, was a corporation duly licensed to transact insurance business in the State of Florida. Defendant does business, has offices, and/or maintained agents for the transaction of its customary business in Lee County, Florida.

4. The insured sought homeowner's insurance from Defendant to cover their property, and a policy of insurance, including but not limited to coverages to protect against loss caused be a peril insured against, was issued by the Defendant.

5. Specifically, the Defendant issued a policy of insurance bearing policy number CAP018465-0414 that provided coverage for Vintage Bay Condominium Association, Inc., for the property located at 130 Vintage Bay Condominium Association, Inc., Marco Island, FL 34145 (the "Policy"). Attached and incorporated herein is a true and correct copy of the Policy as Plaintiff's Exhibit "B."

6. The Policy had a policy period from 02/26/2017 – 02/26/2018.

7. On or about 9/10/2017, Plaintiff's property at 130 Vintage Bay Condominium Association, Inc., Marco Island, FL 34145 was damaged by a peril insured against under the Policy – Hurricane Irma (the "Loss").

8. The Defendant investigated the claim and determined that the loss was covered under the Policy.

9. Defendant had a full and fair opportunity to inspect the Insured Property after receiving notice of the claim and Plaintiff fully cooperated with Defendant's claim investigation.

10. The Defendant issued undisputed payments to repair limited damages that it agreed with but entirely failed to pay for incurred costs and improperly disputed damages caused by Hurricane Irma despite full and fair notice of same produced to Defendant by Plaintiff.

11. On or about July 30, 2018, Plaintiff served the Defendant with a Civil Remedy Notice of Insurer Violation ("Civil Remedy Notice"). A copy of the Civil Remedy Notice is attached hereto as Exhibit A.

12. Plaintiff made demand for payment of undisputed funds for the incurred mitigation costs, however Defendant stopped communicating with Plaintiff and did not tender payment.

13. Plaintiff put Defendant on notice that a lawsuit to collect payment for incurred mitigation costs was imminent; however Defendant did not respond to claim correspondence and did not tender the undisputed amount for the incurred costs to prevent Plaintiff from having to incur unnecessary attorney fees and costs in defense of a lawsuit.

14. On or about August 24, 2018, Plaintiff sent a written demand invoking its right to appraisal to resolve a dispute as to the amount of loss.

15. On or about the 20th day from service of the demand for appraisal Defendant's coverage representative, Melissa Sims sent correspondence advising that she was handling the claim investigation moving forward.

16. Ms. Sims requested an Examination Under Oath (EUO) and extensive documentation that had never been requested up to that point.

17. During the EUO, Plaintiff further advised of the incurred costs and the pending law suit.

18. Defendant and/or Ms. Simms still refused to tender undisputed amounts for mitigation costs and allowed Plaintiff to be unnecessarily be sued as a result of Defendant's refusal to tender payment within 90 days of determining coverage in violation of Florida law.

19. Pursuant to the Civil Remedy Notice, Defendant was required to issue payment for all contractual damages owed within sixty days from the date the Civil Remedy Notice was filed.

20. The Defendant did not "cure" the Civil Remedy Notice within sixty days.

21. The subject claim was ultimately sent to appraisal, and an appraisal award was entered in favor of the Plaintiff. On or about April 9, 2021, the Defendant was forced to pay $10,049,047.84 pursuant to the binding appraisal award less any applicable deductible. A copy of the appraisal award is attached hereto as Exhibit B.

22. The appraisal panel determined that the full amount of the mitigation costs incurred by Plaintiff and paid to settle the lawsuit filed by the vendor were owed by Defendant.

23. The subsequent payment by Defendant occurred over two years after the Civil Remedy Notice had expired. A copy of the payment letter is attached hereto as Exhibit C.

24. The appraisal award established Defendant's liability for coverage and the extent of damages, and the appraisal award resulted in a favorable resolution for the Plaintiff.

25. Defendant failed to issue all contractual damaged owed within sixty days from the date the Civil Remedy notice was filed. It is undisputed that Defendant attempted to pay a fraction of what was owed.

26. Plaintiff has complied with all conditions precedent to entitle Plaintiff to recover under the policy or the conditions have been waived.

27. Defendant owed Plaintiff a duty to attempt to fully and property investigate and settle Plaintiff's claim in good faith when under all circumstances Defendant could and should have done so if it acted fairly and honestly toward Plaintiff and with due regard for Plaintiff's interests.

28. Plaintiff has been obligated to engage the undersigned attorneys for the prosecution of this action and is entitled to a reasonable attorney fee pursuant to Florida Statute Section 626.9373 and/or Florida Statute Section 624.155.

29. Jurisdiction and venue of this matter are proper in the Circuit Court for Lee County, Florida.

### COUNT I- BAD FAITH – VIOLATION OF SECTION 624.155(1)(b)(1), FLORIDA STATUTES

30. Plaintiff re-alleges paragraphs 1-29 and incorporates the same by reference herein.

31. This is a claim pursuant to Fla. Stat. § 624.155(1)(b)(1).

32. In violation of Fla. Stat. § 624.155(1)(b)(1), in breach of its duty of good faith toward Plaintiff, Defendant is guilty of not attempting in good faith to settle the claim, when under the circumstances, it could have and should have done so, had it acted fairly and honestly toward its insured and with due regard for his interests.

33. As a direct and proximate result of Defendant's wrongful action and violations under Fla. Stat. § 624.155(1)(b)(1), Plaintiff has suffered and continue to suffer actual damages including but not limited to: Fees associated with hiring a contractor, attorney's fees, expert fees, appraisal fees, increased premiums, loss of enjoyment of property, and general damages.

34. Plaintiff is entitled to recover the damages set forth herein.

35. As a result of the foregoing, it has become necessary that Plaintiff engage the undersigned attorneys for the prosecution of this action and is entitled to a reasonable attorney's fee pursuant to Florida Stat. §§ 626.9373; 624.155; 57.104; 57.041.

**WHEREFORE**, the Plaintiff, Vintage Bay Condominium Association, Inc., demands a trial by jury and requests that this Honorable Court enter Judgment against Defendant, Lexington Insurance Company, for general damages, attorney's fees and costs, costs of this lawsuit, interest and pre-judgment interest and such other relief to which Plaintiff may be justly entitled.

## COUNT IV- BAD FAITH – VIOLATION OF SECTION 626.9541(1)(i)(3)(a), FLORIDA STATUTES

36. Plaintiff re-alleges paragraphs 1- 29 and incorporates the same by reference herein.

37. This is a claim pursuant to Florida Statute § 626.9541(i)(3).

38. In violation of Florida Statute § 626.9541(i)(3), in breach of its duty of good faith towards Plaintiff, Defendant is guilty of committing or performing with such frequency as to indicate a general business practice the following:

626.954(1)(i)(3)(a): Failing to adopt and implement standards for the proper investigation of claims.

626.954(1)(i)(3)(d): Denying claims without conducting reasonable investigations based upon available information.

39. As a direct and proximate result of Defendant's wrongful actions and violations of Fla. Stat. § 626.9541(i)(3), Plaintiffs have suffered and continue to suffer actual damages including but not limited to: fees associated with hiring a general contractor, mitigation company, expert fees, loss of use, loss of enjoyment of property, and general damages.

40. Plaintiff is entitled to recover the damages set forth herein.

41. All conditions precedent to this action have been performed, excused, or waived.

42. As a result of the foregoing, it has become necessary that Plaintiff engage the undersigned attorneys for the prosecution of this action and is entitled to a reasonable attorney's fee pursuant to Florida Statute §§ 626.9373; 624.155; 57.104; 57.041.

**WHEREFORE**, the Plaintiff, Vintage Bay Condominium Association, Inc., demands a trial by jury and requests that this Honorable Court enter Judgment against Defendant, Lexington

Insurance Company, for general damages, attorney's fees and costs, costs of this lawsuit, interest and pre-judgment interest and such other relief to which Plaintiff may be justly entitled.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via e-portal to all those designated on this 1st day of June, 2022.

/s/ Scott G. Millard
Scott G. Millard, Esquire
Florida Bar Number: 0109726
Cohen Law Group
Attorney for Plaintiff
350 N. Lake Destiny Road
Maitland, Florida 32751
Phone: (407) 478-4878
Fax: (407) 478-0204
Primary: smillard@itsaboutjustice.LAW
Secondary: rachael@itsaboutjustice.LAW