UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

CASE NUMBER: 2:22-CV-412-JES-NPM

VINTAGE BAY CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

v.

LEXINGTON INSURANCE COMPANY,

    Defendant.

_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, by and through the undersigned attorneys, hereby files its Response to Opposition to Defendant's Motion to Dismiss [D.E. 11], and as grounds therefore would state:

### RELEVANT FACTUAL AND PROCEDURAL HISTORY

1. Prior to the events that gave rise to the current litigation, Plaintiff purchased a policy of commercial insurance from Defendant for the property located at 130 Vintage Bay Condominium Association, Inc., Marco Island, FL 34145. [See D.E. 1-2 at ¶ 5.]

2. On or about September 10, 2017, Plaintiff's property sustained damage as a result of Hurricane Irma. [See D.E. 1-2 at ¶ 7.]

3. Plaintiff reported the loss to Defendant, and Defendant extended coverage under the Policy for a portion of Defendant's loss. [See D.E. 1-2 at ¶ 8.]

4. In approximately December 2017, Defendant issued payments of $2,324,111 and $500,000 for the undisputed amounts of the loss.

5. On or about July 30, 2018, Plaintiff served Defendant with a Civil Remedy Notice of Insurer Violation, as Defendant failed to pay for incurred costs and improperly disputed damages caused by Hurricane Irma. [See D.E. 1-2, p. 14.]

6. The Florida Department of Financial Services accepted the CRN on July 30, 2018 and assigned Filing No. 4000593. [See D.E. 1-2, p. 14.]

7. On or about August 24, 2018, Plaintiff sent a written demand invoking its right to appraisal to resolve a dispute as to the amount of loss. [See D.E. 1-2 ¶ 14.]

8. On or about September 26, 2018, Plaintiff initiated a two-count Petition to Compel Appraisal against Defendant in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County. Defendant filed a Notice of Removal to Federal Court on October 31, 2018. The matter was removed to the Middle District of Florida, Ft. Myers Division, and assigned case number 2:18-cv-00729-JES-NPM.

9. On September 26, 2018, Defendant responded to Plaintiff's CRN via the Florida Department of Financial Services website.

10. The subject claim was ultimately appraised, and an appraisal award was entered in favor of the Plaintiff in the total amount of $10,049,047.84 (RCV) and $9,793,717.47 (ACV). [See D.E. 1-2 ¶ 21.]

11. On or about April 9, 2021, Defendant issued partial payment of $5,579,997.23; however, Defendant did not provide Plaintiff with any written explanation of the payment. Further, Plaintiff is withholding portions of the Appraisal Award, as outlined in Defendant's Motion to Dismiss, pending completion of the repairs by Plaintiff.

12. The appraisal panel determined that the full amount of the mitigation costs incurred by Plaintiff was owed by Defendant. [See D.E. 1-2 ¶ 22.]

13. The appraisal award established Defendant's liability for coverage and the extent of damages, and the appraisal award resulted in a favorable resolution for the Plaintiff. [See D.E. 1-2 ¶ 24.]

14. Defendant failed to issue all contractual damaged owed within sixty days from the date the Civil Remedy notice was filed and failed to pay the full amount of the binding appraisal award. [See D.E. 1-2 ¶ 25.]

15. Accordingly, Defendant initiated the instant action on or about June 1, 2022 in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County. Defendant filed a Notice of Removal to Federal Court on July 7, 2022.

16. On July 14, 2022, Defendant filed the instant Motion to Dismiss [D.E. 11].

17. On August 2, 2022, Defendant filed a Supplement to Motion to Dismiss [D.E. 16], confirming that Plaintiff opposes the Motion.

## LEGAL STANDARD

Determining the propriety of a motion to dismiss requires the court to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).

Furthermore, "[a] motion to dismiss a complaint for declaratory judgment is not a motion on the merits. Rather, it is a motion only to determine whether the plaintiff is entitled to a declaration of rights, not to whether it is entitled to a declaration in its favor." *Romo v. Amedex Ins. Co., 930 So. 2d 643, 648 (Fla. 3d DCA 2006)* (quoting *City of Gainesville v State, Dep't of Transp., 778 So. 2d 519, 522 (Fla. 1st DCA 2001)*).

The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *See Ancata v. Prison Health Servs., Inc.*, 769

F.2d 700, 703 (11th Cir. 1985). "Unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the complaint should not be dismissed on grounds that it fails to state a claim upon which relief may be granted. *Sea Vessel. Inc. v. Reyes*, 23 F.3d 345, 347 (11th Cir. 1994).

## ARGUMENT

### I.   Plaintiff's Breach of Contract Action is Ripe.

Defendant first argues that Plaintiff's instant bad faith action is premature, as "the existence of [Defendant's] liability and the extent of damages have yet to be determined."

"A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Novak v. Safeco Ins. Co. of Illinois*, 94 F. Supp. 3d 1267, 1269 (M.D. Fla. 2015) (quoting *Texas v. United States*, 523 U.S. 296, 300, 118 S. Ct. 1257, 140 L. Ed. 2d 406 (1998)).

With respect to insurance bad faith claims under Section 624.155, "'an insured's underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith in settlement negotiations can accrue.'" *Blakely v. Safeco Ins. Co. of Illinois*, 2013 WL 3270405, at *1 (M.D. Fla. June 26, 2013). As such, "Florida courts

5

have held that 'a cause of action in court for [bad faith] is premature until there is a determination of liability and extent of damages owed on the first-party insurance contract.'" *Novak*, 94 F. Supp. at 1269 (quoting *Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1276 (Fla. 2000)). See also *Martin v. Gov't Emps. Ins. Co.*, 2014 WL 12696702, at *3 (M.D. Fla. June 6, 2014).

A determination of liability, however, need not be obtained through a trial. *Alphonsine Verneus v. Axis Surplus Ins. Co.*, 2022 U.S. Dist. LEXIS 65179, at *6-7 (S.D. Fla. Apr. 6, 2022). Instead, "if a plaintiff establishes that the extent of its damages has been determined by an appropriate appraisal process, and the defendant neither contests liability as a whole, nor alleges that plaintiff violated any standard policy condition, an appraisal award may be a sufficient determination of liability and damages for its bad faith claim to proceed." *Tropical Paradise Resorts, LLC v. Clarendon Am. Ins. Co.*, *6-7 (S.D. Fla. Aug. 20, 2008); *see also Trafalgar at Greenacres, Ltd. v. Zurich Am. Ins. Co.*, 100 So. 3d 1155, 1156 (Fla. 4th DCA 2012) (holding that "an appraisal award pursuant to an insurance contract constitutes a 'favorable resolution' of an underlying breach of contract dispute for purposes of filing a bad faith cause of action").

Here, the favorable resolution ripening Plaintiff's bad faith claim is the Appraisal Award and Defendant's agreement to pay it. It is undisputed that a binding Arbitration Award was issued. Therefore, the determination on liability

and damages has been made. The parties do not dispute the ultimate scope or amount of the Award. With liability and damages already established, the subject action for bad faith is not premature, and Defendant's Motion to Dismiss should be denied.

## II. Plaintiff's Complied with the Notice Requirements Under Section 624.155, Florida Statutes.

Defendant further argues that Plaintiff did not comply with the conditions precedent to suit of filing a statutorily compliant Civil Remedy Notice of Insurer Violation ("CRN").

Under Florida law, a CRN must contain (1) the specific statutory language the insurer allegedly violated; (2) the facts and circumstances giving rise to the violation; (3) the name of any individual involved in the violation; (4) the specific policy language relevant to the violation, if any; and (5) a statement that the notice is provided in order to perfect the right to pursue the civil remedy authorized by the bad-faith statute. *See Pin-Pon Corp. v. Landmark Am. Ins. Co.*, 500 F. Supp. 3d 1336, 1339 (S.D. Fla. 2020) (citing § 624.155(3)(b), Fla. Stat.). In addition, the CRN must also be submitted on Form DFS-10-363, provided by the Department of Financial Services. *See* Fla. Admin. Code Ann. R. 69J-123.002.

However, even if a plaintiff fails to strictly comply with the specificity standard of section 624.155, the Court may allow an action to proceed "if the defect was of a purely technical nature, the party substantially complied, the

7

notice purpose of the statute has been fulfilled, and the opposing party has not been prejudiced by the error." *Pin-Pon*, 500 F. Supp. 3d at 1345.

Here, the only defects Defendant alleges are technical, including the precise name of the insured, the claim number, and the policy number. Defendant does not dispute that it had actual notice of the CRN, that it responded to the CRN on September 26, 2018, and that it did not cure within 60 days of receipt of the CRNs. Moreover, the Florida Department of Financial Services accepted the CRN on July 30, 2018 and assigned Filing No. 4000593.

Accordingly, Plaintiff has made out a prima facie claim for bad faith. *See Canales v. Am. Sec. Ins. Co.*, 2011 U.S. Dist. LEXIS 128631, at *11 (M.D. Fla. Nov. 7, 2021) ("Because DFS accepted [plaintiffs] CRN, the Court finds that the CRN provides a factual basis for the claims against [the insurer] sufficient to survive the Motion to Dismiss."); *Alphonsine Verneus v. Axis Surplus Ins. Co.*, 2022 U.S. Dist. LEXIS 65179, at *8 (S.D. Fla. Apr. 6, 2022) ("Axis does not dispute that it had actual notice of the CRNs, that it responded to the CRNs, and that it did not cure within 60 days of receipt of the CRNs. […] Moreover, Plaintiff alleges that the FDFS accepted both CRNs. […] On these facts and allegations, the Court finds that Plaintiff has made out a prima facie claim for bad faith.")

Here, Plaintiff has substantially complied with the requirements of Section 624.155, and any defects are purely technical in nature. Further, the notice

8

purpose of the statute has clearly been fulfilled, and Defendant has not been prejudiced by any technical deficiencies.

## V. CONCLUSION

WHEREFORE, based on the foregoing, Plaintiff, VINTAGE BAY CONDOMINIUM ASSOCIATION, respectfully requests that this Court enter an Order DENYING Defendant's Motion to Dismiss in its entirety. Plaintiff additionally requests that this Court enter an Order requiring Defendant to file an Answer to Plaintiff's Complaint within 20 days, and for all other relief this Court finds just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 6, 2022, a true and correct copy of the foregoing has been electronically filed with the clerk of court through the CM/ECF system, which will send notice to counsel for the Defendant.

>*/s/ Erin R. Dix*
>**COHEN LAW GROUP, P.A.**
>Erin R. Dix, Esquire
>FOR THE FIRM
>Florida Bar Number:  108062
>350 North Lake Destiny Road, Suite 300
>Maitland, Florida  32751
>Primary:  edix@itsaboutjustice.law
>Secondary:  lyndon@itsaboutjustice.law
>Phone:  (407) 478-4878
>Fax:  (407) 478-0204
>Attorney for Plaintiffs