```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION

VINTAGE BAY CONDOMINIUM
ASSOCIATION, INC.,

          Plaintiff,

v.                              Case No:  2:22-cv-412-JES-NPM

LEXINGTON INSURANCE
COMPANY,

          Defendant.
_____
```

## OPINION AND ORDER

This matter comes before the Court on review of defendant's Motion to Dismiss (Doc. #11) filed on July 14, 2022. Plaintiff filed a Response in Opposition to Motion (Doc. #25) on September 6, 2022. For the reasons set forth below, the motion is denied.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).

**II.**

Vintage Bay Condominium Association, Inc. (Vintage Bay) obtained a policy of insurance from Lexington Insurance Company (Lexington) for the property located at 130 Vintage Bay Condominium on Marco Island, Florida (the Policy). During the Policy period the property was damaged by Hurricane Irma on or about September 10, 2017. Lexington determined that the loss was covered and issued payments to repair certain limited damages but failed to pay for other incurred costs and damages.

On or about July 30, 2018, Vintage Bay served Lexington with a Civil Remedy Notice of Insurer Violation. Vintage Bay made a demand for payment of undisputed funds for the mitigation costs, but Lexington allegedly stopped communicating with Vintage Bay. Vintage Bay then notified Lexington that it would file suit if there was no response. On or about August 24, 2018, Vintage Bay sent a written demand invoking its right to appraisal pursuant to the Policy. Melissa Sims of Lexington responded that she would handle the claim investigation and requested an Examination Under Oath (EUO) along with documentation. Lexington did not 'cure' the Civil Remedy Notice within 60 days and refused to tender allegedly undisputed amounts for mitigation costs.

On or about April 9, 2021, an appraisal award was entered in favor of Vintage Bay determining that Lexington had to pay

2

$10,049,047.84, less any deductibles. The appraisal Panel determined the full amount of the mitigation costs incurred and the amount paid to settle a lawsuit filed by a vendor. Partial payment of $5,579,997.23 was paid by Lexington over two years after the Civil Remedy Notice time period had expired.

Vintage Bay brought this action for breach of contract and bad faith against Lexington. In Count I, Vintage Bay alleges bad faith by Lexington in violation of Fla. Stat. § 624.155(1)(b)(1) for the breach of its duty of good faith settlement of the claim. In Count IV (no Counts II and III are stated), Vintage Bay asserts bad faith by Lexington in violation of Fla. Stat. § 626.9541(i)(3) for failing to adopt and implement standards for the proper investigation of claims and denying claims without conducting reasonable investigations based on available information.

## II.

Review of the motion to dismiss requires some procedural history regarding a prior case.

On October 31, 2018, Lexington removed Vintage Bay's Petition to Compel Appraisal from state court to federal court (see 2:18-cv-729-JES-NPM, Doc. #1-1 & 23). Vintage Bay also filed a separate Motion to Compel Appraisal (Doc. #10), which was denied as not yet ripe while post-loss obligations remained unsatisfied. (Id., Doc. #26.) Vintage Bay then sought a stay of the case pending

completion of an examination under oath. (Id., Doc. #28.) The Court granted the stay on March 13, 2019, finding that "[c]ompletion of EUOs and the exchange of documentation will simplify the issues and reduce the burden of litigation." (Id., Doc. #34.) The case remained stayed with regular status reports being filed until August 8, 2022. The Court then lifted the stay with directions to show cause why the case should not be dismissed for failure to prosecute after the last status indicated that a binding appraisal award had been issued. (Id., Doc. #62.) In response, the parties stated that a dispute remained as to whether the appraisal award had been paid in full. (Id., Doc. #63.) This first filed suit has been set for a Preliminary Pretrial Conference, and the cases have not been consolidated.

### III.

In the current case, Lexington seeks dismissal of both counts as premature because the amount of contractual damages in the first filed suit has not yet been established and involves the same loss. Lexington states that it paid the ACV, but the award was subject to the terms and conditions of the Policy and Florida law, so the depreciation and ordinance or law portions are being withheld pending compliance with the Policy. In sum: "It is Lexington's position that pursuant to the policy, Lexington's duty to pay arises once the repairs are actually made, and Lexington owes no

4

more than is actually spent. It is Vintage Bay's position that the construction project is fully contracted and is underway, and that the amounts are owed per the contract of insurance." (Doc. #11, p. 4.)  Lexington argues that this case should be dismissed or abated pending resolution of the breach of contract claim in the first filed suit because this suit is premature. Alternatively, Lexington argues that the case should be dismissed because the Civil Remedy Notice (CRN) is defective. The Court will address the CRN issue first.

### A. Civil Remedy Notice

The Florida law concerning the civil remedy notice has been accurately summarized:

> As a condition precedent to filing a cause of action under § 624.155, the insurer must be given 60 days' written notice of the alleged violation. See Fla. Stat. § 624.155(3)(a). The notice must state with specificity the "statutory provision, including the specific language of the statute, which the authorized insurer allegedly violated," and "[t]he facts and circumstances giving rise to the violation." Fla. Stat. § 624.155(3)(b)(1)-(2). The statute further provides that "[n]o action shall lie if, within 60 days after filing notice, the damages are paid or the circumstances giving rise to the violation are corrected." Fla. Stat. § 624.155(3)(d) (Westlaw 2005). In Talat Enterprises, Inc. v. Aetna Cas. & Sur. Co., 753 So.2d 1278, 1284 (Fla. 2000), the Florida Supreme Court explained that "[i]n creating this statutory remedy for bad-faith actions, the Legislature provided this sixty day window as a last opportunity for insurers to comply with their

claim-handling obligations when a good-faith decision by the insurer would indicate that contractual benefits are owed."

Nowak v. Lexington Ins. Co., 464 F. Supp. 2d 1248, 1251 (S.D. Fla. 2006). "[S]ince § 624.155 is in derogation of the common law, courts have strictly construed the statute and required strict compliance with the statute's notice requirements." Mathurin v. State Farm Mut. Auto. Ins. Co., 285 F. Supp. 3d 1311, 1319 (M.D. Fla. 2018). This means compliance with statutory requirements and using the form provided by the department. Fla. Stat. § 624.155(3)(b).

Besides the five statutory requirements listed in Fla. Stat. § 624.155(3)(b)[1], which Lexington does not argue are defective in

---

[1] The notice shall be on a form provided by the department and shall state with specificity the following information, and such other information as the department may require:

1. The statutory provision, including the specific language of the statute, which the authorized insurer allegedly violated.

2. The facts and circumstances giving rise to the violation.

3. The name of any individual involved in the violation.

4. Reference to specific policy language that is relevant to the violation, if any. If the person bringing the civil action is a third party claimant, she or he shall not be required to reference the specific policy language if the authorized insurer has not

the Notice, the DFS-10-363 Form also requires information regarding the Complainant, Insured, Attorney, Notice Against. (Doc. #5-1, p. 2.)  Lexington argues that the CRN is defective because it has the wrong insured listed, the wrong Policy number, the wrong claim number, no email address for the complainant, and does not include the address of the insurer.

Vintage Bay responds that purely technical defects do not require dismissal, citing Pin-Pon Corp. v. Landmark Am. Ins. Co., 500 F. Supp. 3d 1336, 1345 (S.D. Fla. 2020).  The Court agrees. See, e.g., Julien v. United Prop. & Cas. Ins. Co., 311 So. 3d 875, 879 (Fla. 4th DCA 2021) (citing Pin-Pon); Apostolic Pentecostal Church of Panama City, Inc. v. Scottsdale Ins. Co., 5:21-CV-32-MW/MJF, 2021 WL 4144775, at *5 (N.D. Fla. Apr. 9, 2021) (same). See also Bay v. United Servs. Auto. Ass'n, 305 So. 3d 294, 300 (Fla. 4th DCA 2020) (An insurer can waive a CRN's failure to properly identify an insurer by not disputing the issue in response to the notice).  The Court finds that defects asserted in the Notice were purely technical, did not cause any prejudice to

---

        provided a copy of the policy to the third
        party claimant pursuant to written request.

        5. A statement that the notice is given in
        order to perfect the right to pursue the civil
        remedy authorized by this section.

Fla. Stat. § 624.155(3)(b).

Lexington, and were not previously objected to by Lexington. The motion to dismiss will be denied on this basis.

### B. Ripeness

"Under Florida law, a first party's ability to bring a 'bad faith' claim against an insurer is a right created by statute, and not recognized at common law." Cont'l Cas. Co. v. City of Jacksonville, 550 F. Supp. 2d 1312, 1336 (M.D. Fla. 2007) (citations omitted), aff'd, 283 F. App'x 686 (11th Cir. 2008). A person may bring a bad faith action against an insurer which is "[n]ot attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests." Fla. Stat. § 624.155(1)(b)1. "Notwithstanding any provision of s. 624.155, a claimant must establish that the property insurer breached the insurance contract to prevail in a claim for extracontractual damages under s. 624.155(1)(b)." Fla. Stat. § 624.1551. "In addition to establishing contractual liability, the policyholder must also obtain a full determination of damages arising out of the event giving rise to the [insurance] claim." Bottini v. GEICO, 859 F.3d 987, 993 (11th Cir. 2017). "If the insurer pays or corrects the circumstances giving rise to the violation, the policyholder's bad-faith cause of action is extinguished." Id. (citation omitted).

In this case, an Appraisal Award (Doc. #5-2) was issued, and the amount of loss determined and awarded. Lexington also made partial payment in the amount of $10,049,047.84 for the RCV but disputes the timing and amount of ACV to be paid until repairs are complete.

> "[A]n appraisal is not a condition precedent to the insurer fulfilling its obligation to fairly evaluate the claim and to either deny coverage or to offer an appropriate amount based on that fair evaluation." Fortune [v. First Protective Ins. Co., 302 So. 3d 485, 490 (Fla. 2d DCA 2020)]. Rather, the appraisal, along with the filing of the CRN, affects the ripeness of a bad faith action. Landers v. State Farm Fla. Ins. Co., 234 So. 3d 856, 860 (Fla. 5th DCA 2018) ("Once the appraisal process is complete, and a legally sufficient CRN had previously been provided, the conditions precedent to filing a statutory bad-faith claim are met."); see also Zaleski [v. State Farm Fla. Ins. Co., 315 So. 3d 7, 10-11 (Fla. 4th DCA 2021)] ("[A] statutory bad faith claim under section 624.155 is ripe for litigation when there has been (1) a determination of the insurer's liability for coverage; (2) a determination of the extent of the insured's damages; and (3) the required notice is filed pursuant to section 624.155(3)(a)." (alteration in original) (quoting Demase v. State Farm Fla. Ins. Co., 239 So. 3d 218, 221 (Fla. 5th DCA 2018))).

Williams v. State Farm Fla. Ins. Co., 2D20-2092, 2022 WL 790443, at *2 (Fla. 2d DCA Mar. 16, 2022). In this case, a determination of the insurer's liability has been made through the appraisal process, the appraisal determined the extent of the insured's damages (regardless of payment), and Vintage Bay filed the required

notice pursuant to section 624.155(3)(a). Whether full payments have been made is not determinative of the ripeness of the bad faith claim. The motion to dismiss will be denied.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss (Doc. #11) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __4th__ day of October 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record